Oicey, J.
The act of May 6, 1868, “ to provide for locating, establishing and constructing ditches, drains and water-courses, and to repeal a certain aet therein named” (65 Ohio L. 155), as amended April 13, 1872 (69 Ohio L. 45), and January 27, 1873 (70 Ohio L. 14), was in force when the proceeding, mentioned in the statement of this case, was pending before the township trustees, and also while it was pending in the probate court. See Rev. Stats. § 4511 et seg.
The act in question, as amended, provided, among other things, that township trustees of any township should have power, whenever the same was demanded by, or would be con *641 ducive to the public health, convenience or welfare, to cause to be established, located and constructed, “ any ditch, drain or water-course within such township.” They had the same power to cause any such ditch to bo cleaned. A condition precedent to the exercise of this power was that a petition should be filed with the township clerk, “ by one or more persons owning lands adjacent to the line of any such proposed ditch,” or ditch to he cleaned. An appeal from the order of the trustees to the probate court, “ by any person or persons interested in the location of such ditch,” or in cleaning the same, was provided for. Provision was made for a jury of twelve men in the probate court, to whom the probate judge was required to administer an oath. The oath required the jury to view the premises along the route of such ditch, and faithfully and impartially report in writing to said court: “First. Whether it will be conducive to the public health, convenience or welfare to cause said proposed ditch, drain or water-course to be established or located,” or cleaned. “ Second. The amount of compensation due to each person in case of the location (or cleaning) of the same; and, Third. The amount of labor to be performed by each person interested in the opening and constructing (or repairing) of the same.” And, unless all the jurors concurred, the verdict was invalid. Work v. State, 2 Ohio St. 296.
The act and the amendments thereto have been repealed, and the most serious objection to those enactments has been removed. This opinion will, therefore, be confined to a statement of the conclusions at which we have arrived.
The ditch in question is confined to the lands of J ohn Perkins, and it is said the legislature could not have intended to provide for such a case, as a man has a right to make or clean a drain on his own land. Furthermore, it is said that the petition must be filed by a person owning lands “ adjacent” to the proposed ditch or the ditch to be cleaned, and that Perkins’ lands are not “ adjacent,.”' But this legislation had for its foundation the public health, welfare and,convenience, which may be promoted as well where the drain is confined to one owner as where it extends to the lands of several owners, and by the terms of the act one owner may petition. And the word “ ad *642 jacent ” was properly used as including lands through which a ditch passes as well as those lying near to the ditch. But if the word had not been accurately employed, still the intention of the legislature, as manifested in all that it has said on the subject, is what we should endeavor to ascertain, and regard being had to that, the objection is clearly untenable. True, the ditch seems to have been constructed by private enterprise ; but it has long been treated as a public ditch, and the owner of the land to which it is confined consents that it may be so regarded.
Again, it is urged that the act is 'invalid for the reason that it makes no provision for assessing damages to the owners of lands injured by the location of such ditches, and for the further reason that the provisions in respect to the jury and the mode of trial are not in accordance with the organic law, and the plaintiffs in error rely on Smith v. Atlantic, &c. R. Co., 25 Ohio St. 91, and Teeg arden v. Davis, decided at the present term. Bat here all claims for damages were waived. In many cases an act may not be wholly void, but void in part and valid in part. In such case it is incumbent on one asserting its invalidity, to show that, if enforced, it will have an unconstitutional operation as applied to him. That such statute would, if enforced, be unconstitutional in its operation under a different state of facts — as where such damages had not been waived — affords no ground for holding it to be invalid in another case where the damages were waived. This is in accordance with Bowles v. State, decided at the present term.
Finally, it is said that there was no power to assess lands within Kent, which is a village having a board of health, for any part of the expense of the proposed work. But Kent is wholly within Franklin township. The trustees, by the terms of the statute, had power to cause the construction or cleaning of “ any ditch, drain or water-course within the township,” and to impose on the adjacent lands the cost of the work. The lands of the Kents, though within the village, are adjacent to the ditch, and benefited by it. The health, comfort and convenience of the citizens of a village may largely depend on the proper drainage of lands lying beyond its territorial limits, and there may be no *643 power to compel tbe draining of such lands except through the action of township trustees or county commissioners. Why should not any lands adjacent to such drain, and benefited thereby, be assessed for the cost of such work ? The statute makes no such limitation on the power of township trustees as is claimed by the plaintiff in error, and therefore we hold that this objection is also untenable.

Judgment affirmed.

Boynton, O. J., dissented from the third proposition of the syllabus.